**Robert Lee JOHNSON, Petitioner—Appellant,**

v.

**Larry WITEK, Warden, Respondent—Appellee.**

No. 02–56857.

D.C. No. CV–99–08725–DT(E).

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 15, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument.  See

Fed. R.App. P. 34(a)(2).

Andrew E. Rubin, Esq., Los Angeles, CA, for Petitioner–Appellant.

David Christopher Cook, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before THOMPSON, SILVERMAN, and WARDLAW, Circuit Judges.

## MEMORANDUM [**]

Robert Johnson appeals the district court's denial, on remand from this court, of his 28 U.S.C. § 2254 habeas petition, which challenges his convictions for pimping, pandering by encouraging, possession of a firearm by a felon, and drawing or exhibiting a firearm. Johnson contends that he was deprived of his right to effective representation of counsel due to his counsel's concurrent representation of a potential witness in the case. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

As a federal court reviewing a state court conviction on a petition for writ of habeas corpus, we may not grant relief unless the state adjudication of the claim: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court pro-ceeding." 28 U.S.C. § 2254(d)(1); *see also Wiggins v. Smith,* 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).

We have articulated two standards of review for ineffective assistance claims based on an alleged conflict of interest. Under *Bragg v. Galaza,* 242 F.3d 1082, 1086 (9th Cir.2001), "[t]o establish a Sixth Amendment violation based on a conflict of interest [a petitioner] must show (1) that [his attorney] actively represented conflicting interests; and (2) that this adversely affected [his attorney's] performance. Under *Lockhart v. Terhune,* 250 F.3d 1223, 1231 (9th Cir.2001), a petitioner need only show that the conflict "likely" had some impact on his attorney's representation or that it influenced the representation. Thus, under *Lockhart,* the petitioner's showing "need not rise to the level of actual prejudice.... Nonetheless, it remains a substantial hurdle." *Maiden v. Bunnell,* 35 F.3d 477, 481 (9th Cir.1994). We need not reconcile any conflict in these rules, because Johnson's claims do not even rise to the arguably more lenient *Lockhart* standard.

Johnson first contends that his counsel failed to use information Johnson claimed to have regarding crimes committed by the potential witness to negotiate a plea bargain. The potential witness was under investigation by authorities in Riverside County at the time of Johnson's case, which was pending in Los Angeles. Johnson presented no evidence, other than his own testimony, to indicate that his counsel had or should have had information about other crimes the potential witness committed. Both the state and federal trial courts, after evidentiary hearings found that, with one exception, Johnson failed to inform his counsel of other crimes committed by the potential witness. These findings are entitled to deference, particularly

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

as Johnson has offered no evidence to the contrary. In any event the prosecutor informed Johnson's counsel that any information incriminating the potential witness would be of no assistance in securing appellant a more favorable plea bargain. Thus, no evidence demonstrates that counsel's failure to use Johnson's incriminating evidence either likely or actually affected the quality of representation during plea negotiations. *See Bragg*, 242 F.3d 1082, 1088 (9th Cir.2001); *Lockhart*, 250 F.3d 1223, 1231 (9th Cir.2001).

Johnson next argues that counsel was ineffective in failing to call the witness to testify on Johnson's behalf. The witness in this case was a convicted prostitute who had worked for Johnson, and was present at the time of his arrest. Furthermore, the witness was angry with Johnson because of his offer to cooperate with Riverside authorities in her prosecution. The judge at the federal evidentiary hearing found that Johnson's counsel made a strategic decision not to call the witness out of concern that the witness' testimony would highlight the pimping and pandering charges, which carried a heavier sentence than the weapons charges. In *Bragg*, 242 F.3d at 1087, we found that there was no ineffective assistance of counsel when counsel may have had "valid tactical reasons" for failing to interview or call a potential witness, whom he also represented, in that petitioner's case. Johnson has offered no evidence to overcome the "presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *See Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even under the *Lockhart* standard, Johnson cannot demonstrate a likely influence of the conflict on his counsel's decision. His claim must fail.

Johnson finally argues that his counsel was ineffective in failing to argue that a weapon found in the car at the time he was apprehended belonged to the potential witness (who was present in the vehicle), rather than to Johnson. The federal evidentiary hearing reveals that Johnson never informed his counsel that the gun did not belong to him. Moreover, as discussed above, counsel made a strategic decision not to call the witness to testify. Finally, under California Penal Code § 12021(a)(1), the ownership of the weapon was irrelevant; the prosecution only needed to prove that Johnson possessed or controlled the gun, a fact which he admitted to counsel. Thus, Johnson again fails to demonstrate even a likely impact of the conflict upon the representation he was afforded. *See Lockhart v. Terhune*, 250 F.3d 1223, 1231 (9th Cir.2001).

AFFIRMED.